April 14, 2008

Judge Reginald Lindsay
Joseph Moakley Courthouse
1 Courthouse Way
BOSTON, MA 02110

RE: Luis R. Clas
Docket # 1:04-cr-10314-RCL-3

Dear Judge Lindsay,

I write this letter to you, through an interpreter, to plead my hardships relating to my life, and difficulty reaching a plea agreement.

Briefly, I was arrested on October 8, 2004 and charged with trafficking in cocaine, I have been held awaiting trial for 43 months.

The major player Manuel E. Pinales pleaded guilty to trafficking in cocaine in excess of 73 Kilo's, and received a 14 year sentence. The remaining co-defendents in this case involving far lesser involvement and quantities all received 10 years or less. I have enclosed a document with the co-defendants' names and sentences. I am the remaining defendant awaiting trial.

(2)

I am a 58 year old Cuban refugee having grown up in Cuba and fled during the Castro regime. I am growing old and in poor health. I tested positive for HIV virus, progressing to AIDS (documents coming).

I have 3 beautiful children I would like to see, at least a chance before I pass.

In the beginning, my co-defendant contacted attorney Elliot Weinstein to represent me. Lacking money, attorney Weinstein withdrew. I filed for appointment of counsel, and attorney Eduardo A. Masferrer was appointed to represent me.

We can not come to terms by way of defense stragedy or especially a plea bargain, with no acceptable resolution of this case in the near future.

In short, any significant amount of time would essentially amount to a death sentence for me, particularly any sentence in excess of 10 years.

I desperately want to favorably and fairly resolving this case, in the best interests of justice, compasscion, and fairness for all. I wish and pray to spend any remaining time in my life once again



spending precious time with my family and children

Any considerations and response would be greatly appreciated

Thank you.

Sincerely,

Rafael Heredia Luis Clas

Rafael Heredia (Luis R. Clas)
Plymouth County Correctional Facility - DN3
Plymouth, MA 02360

cc. Eduardo A. Masferrer
enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

(1) MANUEL E. PINALES, 14 years
a/k/a "Mani,"
(2) JOSE EDUARDO RODRIGUEZ, < 10
a/k/a Jose Antonio Cruz,
a/k/a "Eduardo LNU,"
(3) RAFAEL HEREDIA,
a/k/a Luis R. Clas,
a/k/a "Cuba,"
(4) RICHARD PENA, 4 1/2 years
(5) TAJH M. WHITE,
a/k/a "T," 10 years
a/k/a "Ty,"
(6) AQUILES TEJEDA, - 0 -

(10) MARK COLLINS,
a/k/a "Gringo,"
(11) JOSE MIGUEL OBIJO,

Criminal No. 04 CR 10314 RCL

VIOLATIONS:

21 U.S.C. § 846
Conspiracy to Distribute Cocaine

21 U.S.C. §§ 841 (a)(1)
Distribution of Cocaine and Possession with Intent to Distribute

18 U.S.C. § 2
Aiding and Abetting

21 U.S.C. § 853
Criminal Forfeiture Allegation

**FIRST SUPERSEDING INDICTMENT**

**COUNT ONE:** **(21 U.S.C. § 846 – Conspiracy To Distribute Cocaine)**

The Grand Jury charges that:

From in or about January 2004, and continuing thereafter until in or about October 2004,

Citation/Title
92 F.3d 97, U.S. v. Hernandez-Santiago, (C.A.2 (Conn.) 1996)

***97** 92 F.3d 97

United States Court of Appeals,
Second Circuit.

**UNITED STATES of America, Appellee,**
**v.**
**Carlos HERNANDEZ-SANTIAGO, a/k/a E.T., Defendant-Appellant.**

**No. 1519, Docket 95-1431.**
Argued June 5, 1996.

Decided Aug. 9, 1996.

Defendant was convicted in the United States District Court for the District of Connecticut, Peter C. Dorsey, Chief Judge, of conspiracy to distribute cocaine and cocaine base, distribution of more than five grams of cocaine base, and possession of firearm by convicted felon. Appeal was taken. The Court of Appeals, José A. Cabranes, Circuit Judge, held that district court improperly calculated defendant's base offense level by holding defendant responsible for whatever cocaine distribution took place and was foreseeable to him over period during which he was participant in conspiracy, without making particularized finding as to scope of defendant's agreement.

Vacated and remanded.

West Headnotes

[1] Criminal Law ⚷1139

110 ----
110XXIV Review
110XXIV(L) Scope of Review in General
110k1139 Additional Proofs and Trial De Novo.

[See headnote text below]

[1] Criminal Law ⚷1147

110 ----
110XXIV Review
110XXIV(N) Discretion of Lower Court
110k1147 In General.

[See headnote text below]

[1] Criminal Law ⚷1158(1)

© 2005 Thomson/West. No claim to original U.S. Govt. works.

Citation/Title
165 F.Supp.2d 67, U.S. v. Colon, (D.Mass. 2001)

***67** 165 F.Supp.2d 67

United States District Court,
D. Massachusetts.

**UNITED STATES of America,**
**v.**
**Edgardo COLON, Defendant.**

**No. 00CR10029-NG.**
Oct. 5, 2001.

Defendant was charged with three substantive counts of heroin distribution and one count of conspiracy to distribute more than 100 grams of heroin. Unable to reach plea agreement with government, defendant moved to sever, to enable him to plead guilty to substantive counts as charged and to proceed to trial on conspiracy count in order to contest drug quantity. The District Court, Gertner, J., held that defendant was entitled to severance of substantive counts from conspiracy count in order to allow defendant to contest quantity of drugs attributed to him in trial on conspiracy count while admitting to conduct alleged in substantive counts.

Motion granted.

West Headnotes

Criminal Law 622.7(1)

110 ----
110XX Trial
110XX(A) Preliminary Proceedings
110k622 Joint or Separate Trials of Codefendants
110k622.7 Grounds for Severance or Joinder
110k622.7(1) In General.

(Formerly 110k622.2(4))

Criminal Law 622.7(4)

110 ----
110XX Trial
110XX(A) Preliminary Proceedings
110k622 Joint or Separate Trials of Codefendants
110k622.7 Grounds for Severance or Joinder
110k622.7(4) Conspiracy Cases.

(Formerly 110k622.2(4))

© 2006 Thomson/West. No claim to original U.S. Govt. works.

Citation/Title
454 F.3d 836, U.S. v. Lee, (C.A.8 (Mo.) 2006)

***836** 454 F.3d 836

United States Court of Appeals,
Eighth Circuit.

**UNITED STATES of America, Appellant,**
**v.**
**Mark Allen LEE, Appellee.**

**No. 05-3526.**
Submitted: March 15, 2006.

Filed: July 20, 2006.

**Background:** Defendant was convicted of possession of five grams or more of methamphetamine with intent to distribute, following entry of guilty plea in the United States District Court for the Eastern District of Missouri, Charles A. Shaw, J. Government appealed sentence.

**Holding:** The Court of Appeals, Smith, Circuit Judge, held that District Court clearly erred in basing its downward variance from Sentencing Guidelines range primarily upon defendant's age and history of drug abuse.

Reversed and remanded for resentencing.

West Headnotes

[1] Sentencing and Punishment 🔑40

350H ----
350HI Punishment in General
350HI(C) Factors or Purposes in General
350Hk40 In General.

[See headnote text below]

[1] Sentencing and Punishment 🔑651

350H ----
350HIV Sentencing Guidelines
350HIV(A) In General
350Hk651 Operation and Effect of Guidelines in General.

[See headnote text below]

© 2007 Thomson/West. No claim to original U.S. Govt. works.